UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DOUGLAS WORMAN,<br><br>　　　　Defendant. | Case No. 2:23-cr-00136-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Before the Court is Worman's Objection to Government's Presentation of Evidence Pursuant to Federal Rules of Evidence 803(6) and 902(11).

In an effort to give the parties direction on the evidentiary issues that have been raised in the Objection, the Court will set forth its views on the information presently before the Court. These rulings, however, are preliminary and may be subject to revision upon consideration of a particular evidentiary issue presented within the context of trial.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on the Motions and Notices in this decision without oral argument. Dist.

Idaho Loc. Civ. R. 7.1(d)(2)(ii).[1]

## II. BACKGROUND

In its Objection, Worman objects generally to two groups of documents. First, Worman contends the Government's exhibits at Government's Bates[2] WORMAN-024436 through 025422 are inadmissible because they contain evidence that does not qualify as records of regularly conducted activity under Federal Rule of Evidence 803(6) and should therefore not be certified under Federal Rule of Evidence 902(11). Worman's second objection, directed toward Government Bates WORMAN-043500 through 043960, is substantively similar as it relates to Rules 803 and 902(11), with the additional argument that some of those exhibits must be excluded as inadmissible plea negotiations under the Court's previous Order at Docket 39.

## III. LEGAL STANDARD

Under Federal Rule of Evidence 902(11), a certified domestic record of regularly conducted activity is both admissible and self-authenticating, so long as the record meets the requirements of Rule of Evidence 803(6)(A)-(C) and is accompanied by a certification from the record's custodian. Fed. R. Evid. 902(11).

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice.").

[2] Worman did not correlate the Government Bates numbers with the trial exhibit numbers. Although some Government Bates numbers are identifiable on some trial exhibits, the Court does not have the Government Bates numbers for all documents at its disposal. Thus, except where specifically applied to Worman's Exhibit A (dkt. 68-1), the Court's ruling applies generally to the subject matter described herein (i.e., email correspondence and invoice attachments) without referring to specific exhibits.

Federal Rule of Evidence 803(6) excludes a document from the general rule against hearsay if it qualifies as a business record.[3] *Id.* at 803(6). A document is considered a business record if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

*Id.*

The purpose behind this exception is that "business records have a special indicia of reliability." *NLRB v. First Termite Control Co.*, 646 F.2d 424, 427 (9th Cir. 1981). Further, a "district court has wide discretion in determining whether a business record meets the trustworthiness standard." *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999) (cleaned up), as amended on denial of reh'g (Mar. 17, 1999).

### IV. ANALYSIS

#### A. Business Records

Worman argues that the exhibits to which he objects do not meet the requirements of Rule 803(6) because they contain statements about events that are clearly outside of normal business practices, detail events that occurred prior to the time when the emails were prepared, and, in some instances, were not prepared by Carolina Bank, which

---

[3] This rule, titled "Records of a Regularly Conducted Activity," does not mention "business records." However, Rule 803(6) is commonly known as the "business records" exception. This is how the Court will refer to it.

MEMORANDUM DECISION AND ORDER - 3

purportedly certified the documents at issue. Dkt. 68, at 3.

As a preliminary matter, the Court notes that the fact that Carolina Bank did not prepare or create all of the documents it purportedly certifies does not itself render the certification improper. The Ninth Circuit, along with several other circuits, has held that "exhibits can be admitted as business records of an entity, even when that entity was not the maker of those records, so long as the other requirements of Rule 803(6) are met and the circumstances indicate the records are trustworthy." *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993). To the extent foundation exists to show the objected to documents were kept in the normal course of business and otherwise meet the requirements of Rule 803(6), such evidence is admissible even though "these documents were furnished originally from other sources." *Id.* (cleaned up)

That said, after reviewing the objected-to records specifically contained in Exhibit A (dkt. 68-1), the Court finds that the emails themselves do not meet the requirements of Rule 803(6) and therefore do not fall within the business records exception. The emails were prepared in early December of 2018. However, the contents of the email describe conduct and events that took place nearly two years earlier in January 2017 and late December 2016. The gap between the time when the events at issue occurred and the time when the emails were prepared cannot satisfy Rule 803(6)'s requirement that "the record was made *at or near the time*" the time of the event. Fed. R. Evid. 803(6)(a) (emphasis added). Accordingly, the Court will SUSTAIN Worman's Objection in this regard, and will exclude the contents of the emails contained in Exhibit A. Any email correspondence that similarly describes events and conduct far after such events and conduct took place is

likewise inadmissible under the business records exception.

The invoices attached to the emails, however, are a different story. Unlike the contents of the emails, the dates at the top of the invoices indicate they were generated at or near the time of the relevant events. The Court is satisfied, at this stage in the proceedings, that the invoices meet the trustworthiness requirements of the business records exception. Worman's objection as to the admission of the invoices in Exhibit A is therefore OVERRULED.

### B. Plea Negotiations

Worman also argues that several of the documents contained in the Government's 902(11) Notice must be excluded under the Court's previous Order excluding evidence of plea negotiations (Dkt. 39). Indeed, the Court has already ruled that statements made during plea negotiations between Worman and the Government are inadmissible. *Id.* To the extent that such communications are contained in the objected-to exhibits, the Court reaffirms that such evidence must be excluded.

## V. ORDER

Worman's Objection to the Government's Presentation of Evidence Pursuant to Federal Rules of Evidence 803(6) and 902(11) is OVERRULED in part and SUSTAINED in part as outlined herein.

DATED: August 6, 2024

David C. Nye
Chief U.S. District Court Judge